N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

QUAWEE MCQUEEN,                    :
    Petitioner                      :
                                    :      No. 1:22-cv-00832
v.                                 :
                                    :      (Judge Rambo)
WARDEN J. SAGE,                    :
    Respondent                      :

## MEMORANDUM

Pending before the Court is *pro se* Petitioner Quawee McQueen ("Petitioner")'s petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) For the reasons set forth below, the petition will be dismissed without prejudice as moot.

## I.    BACKGROUND

On May 26, 2022, while Petitioner was a federal inmate at Federal Correctional Institution Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania, he commenced the above-captioned action by filing his Section 2241 petition and supporting memorandum of law (Doc. Nos. 1, 2), and subsequently paying the requisite filing fee. Petitioner contends that the Federal Bureau of Prisons ("BOP") has not properly credited his earned time credits, as required under the First Step Act ("FSA") of 2018. (Doc. Nos. 1 at 2, 6; 2 at 1–3.) As for relief, Petitioner appears to seek a Court order directing Respondent, the Warden at FCI Schuylkill, to "provide

a substantiative answer" to Petitioner's request for earned time credits under the FSA and, further, to apply such credits to his federal sentence. (Doc. No. 1 at 6, 7.)

On June 13, 2022, the Court, inter alia, deemed the petition filed and directed the Clerk of Court to serve a copy of the petition on Respondent. (Doc. No. 5.) On June 28, 2022, Respondent filed a response to the petition, arguing that the Court should dismiss the petition because Petitioner failed to exhaust available administrative remedies. (Doc. No. 7.) Alternatively, Respondent argues that the Court should deny the petition because it is without merit. (Id.) On July 18, 2022, Petitioner filed a traverse. (Doc. No. 8.)

The Court has since reviewed the BOP inmate locator, which reveals that Petitioner was released from BOP custody on September 12, 2023. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Petitioner, having a "Register Number" of "64044-050," was "Released On: 09/12/2023." See id. Thus, on October 11, 2023, the Court issued an Order directing Petitioner to show cause why his petition should not be dismissed as moot. (Doc. No. 9.) As demonstrated by the Court's docket, Petitioner has not filed a response to that show cause Order, and the time period for doing so has passed. And, as further demonstrated by the Court's docket, mail which was previously sent by the Court to Petitioner has been returned. (Doc. No. 10

(indicating that the Court's show cause Order issued on October 11, 2023, was returned to the Court as undeliverable based upon Petitioner's release).)

## II.    DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" see id. (citations omitted), or sentence, see Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is

attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from BOP custody on September 12, 2023, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. See id. Here, however, the Court finds that Petitioner has not demonstrated collateral consequences of his federal sentence, despite being afforded the opportunity to do so. (Doc. No. 9.) As a result, his petition is moot.

## III.    CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Section 2241 petition will be dismissed without prejudice as moot.  (Doc. No. 1.)  An appropriate Order follows.


Dated: November 30, 2023                          s/ Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge